FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2012 APR 23 PM 4:13

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

NATHANIEL G. HANNAH,

    Plaintiff,

v.          Case No. 3:12-cv-436-J-20JBT

UNION CORRECTIONAL
INSTITUTION,

    Defendant.

___

### ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Nathaniel G. Hannah[1] initiated this action by filing a pro se Civil Rights Complaint (Complaint) (Doc. #1) pursuant to 42 U.S.C. § 1983 on April 18, 2012. In the Complaint, Plaintiff names Union Correctional Institution as the only Defendant in the action. In the Complaint, he claims that, while incarcerated at Union Correctional Institution, several correctional officers drenched him with chemical mace in the barber shop and then hit, kicked and stomped him until his left eyeball popped out of its socket. See Complaint at 4-5. As relief, he requests 1.2 million dollars in compensatory damages as well as 1.2 million dollars in punitive damages.

___

[1] Plaintiff Nathaniel G. Hannah was released from the Florida Department of Corrections on February 6, 2009, and now resides in Lakeland, Florida. See http://www.dc.state.fl.us/InmateReleases.

Plaintiff apparently intends to proceed in forma pauperis since he has neither submitted the $350.00 filing fee nor requested additional time to submit the filing fee. Despite the fact that he is no longer incarcerated, the Court is required to review the Complaint to determine whether it is frivolous, malicious or fails to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).[2] The Court, nonetheless, must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint filed in forma pauperis which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing

---

[2] This Court recognizes that 28 U.S.C. § 1915(e)(2)(B) is not limited to prisoners, but applies to all persons proceeding in forma pauperis. See Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (per curiam) (finding that the district court did not err in dismissing a § 1983 complaint under the in forma pauperis statute for failure to state a claim, where the complaint challenging the conditions of confinement of a civilly committed detainee failed to assert facts regarding each particular defendant's involvement in the alleged violations).

fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Bilal v. Driver, 251 F.3d at 1349.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, the Eleventh Circuit "'requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." Rodriguez v. Sec'y, Dep't of Corr., 508 F.3d 611, 625 (11th Cir. 2007) (quoting Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)). More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). Thus, in the absence of a federal constitutional deprivation or violation of a federal right, Plaintiff cannot sustain a cause of action against the Defendant under 42 U.S.C. § 1983.

Plaintiff names Union Correctional Institution as the only Defendant. The correctional institution is a state institution and is administered by the Florida Department of Corrections. The Department of Corrections, as an arm of the state (an arm of the executive branch of government), is not a person subject to liability under 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B), this case will be dismissed without prejudice to Plaintiff's right to refile his claim under 42 U.S.C. § 1983 against the proper defendants and with sufficient factual allegations (such as the date of the alleged incident and the individuals allegedly responsible) to support a claim under 42 U.S.C. § 1983.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED** without prejudice to Plaintiff's right to refile to the extent that Plaintiff can raise claims in compliance with the applicable statute of limitations.[3]

2. The **Clerk of the Court** shall enter judgment dismissing this case without prejudice.

---

[3] "[A] § 1983 action brought in Florida is governed by Florida's four-year personal injury statute of limitations." Henyard v. Sec'y, Dep't of Corr., 543 F.3d 644, 647 (11th Cir. 2008) (citations omitted). Hannah's previous filing in this Court reflects that the alleged incident apparently occurred on June 16, 2008. See Case No. 3:10-cv-1018-J-20JRK.

3. The Clerk shall terminate any pending motions.

4. The **Clerk of the Court** shall send Plaintiff a Civil Rights Complaint form. If Plaintiff elects to refile his claims, he may complete and submit the form. Additionally, he must pay the $350.00 filing fee or file a request to proceed in forma pauperis. Plaintiff should not place this case number on the form. The Clerk will assign a separate case number if Plaintiff elects to refile his claims.

5. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 20 day of April, 2012.

_____
UNITED STATES DISTRICT JUDGE

sc 4/19
c:
Nathaniel G. Hannah